UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:21-cv-00249-FDW

| | |
|---|---|
| ERIC WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, Social Security Administrator, ) | |
| ) | |
| Defendant. ) | |

THIS MATTER is before the Court on Claimant Eric Wilson's Motion for Summary Judgment and Memorandum in Support (Doc. Nos. 10, 11), and Defendant Acting Commissioner of Social Security Kilolo Kijakazi's ("Commissioner") Motion for Summary Judgment and Memorandum in Support (Doc. Nos. 13, 14). Claimant, through counsel, seeks judicial review of an unfavorable administrative decision that he was not disabled within the meaning of the Social Security Act. Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, Claimant's Motion for Summary Judgment is DENIED; the Commissioner's Motion for Summary Judgment is GRANTED; and the Commissioner's decision is AFFIRMED.

I. BACKGROUND

In March 2017 and May 2017 respectively, Claimant filed claims for a period of disability and disability insurance benefits under title II, and supplemental security income under title XVI, of the Act. (Tr. 190, 392, 396). Claimant's amended alleged onset date is January 1, 2017. (Tr. 12, 190). Claimant's claims were denied initially and on reconsideration (Tr. 190, 228, 234, 238). The ALJ held a hearing in October 2019, at which Claimant, an attorney representative, and an

1

impartial vocational expert (VE) appeared. (Tr. 56, 190). On October 22, 2019, the ALJ decided Claimant was not disabled within the meaning of the Act from January 1, 2017, through the date of his decision. (Tr. 207). On August 4, 2020, the Appeals Council vacated the ALJ's October 2019 decision and remanded Claimant's case. (Tr. 216).

In the Order of Remand, the Appeals Council directed that upon remand, the ALJ will "give further consideration to the claimant's maximum residual functional capacity and provide appropriate rationale with specific references to evidence of record in support of the assessed limitations" and "give further consideration as to whether the claimant has past relevant work and, if so, can perform it." (Tr. 217). The Appeals Council noted that the ALJ's decision finds "the claimant's mental impairments result in a moderate limitation in maintaining concentration, persistence, or pace. However, the assessed residual functional capacity does not contain mental limitations that correspond to the moderate limitation." (Tr. 216).

The ALJ held a telephone hearing in January 2021, where Claimant, an attorney representative, and an impartial VE appeared. (Tr. 12, 33). On February 22, 2021, the ALJ decided that Claimant was not disabled within the meaning of the Act from January 1, 2017, through the date of his decision. (Tr. 23–24). In particular, the ALJ found at step one that Claimant had not engaged in substantial gainful activity since January 1, 2017, and at step two that Claimant had the following severe impairments: spine disorder, obesity, depression, and bipolar disorder. (Tr. 14). The ALJ found at step three that Claimant had "mild limitations" in "understanding, remembering or applying information;" "interacting with others;" "adapting or managing oneself;" as well as "moderate limitations" with regard to "concentrating, persisting or maintaining pace." (Tr. 15-16). The ALJ concluded that these mental impairments did not cause at least two "marked" limitations or one "extreme" limitation, and that none of Claimant's impairments, nor any

2

combination thereof, met or equaled one of the conditions in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 15-16). Before proceeding to step four, the ALJ found that Claimant had the RFC to perform sedentary work, as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except:

> occasional climbing ramps and stairs, balancing, stooping, kneeling, and crouching; no climbing ladders, ropes, or scaffolds; no crawling; and avoiding concentrated exposure to hazards and vibration. In addition, he is limited to simple, routine, repetitive tasks with an SVP[1] level 1 & 2 and reasoning level 1, 2, & 3 jobs.

(Tr. 17).

The ALJ found at step four that Claimant was unable to perform any past relevant work, (Tr. 22), and at step five that jobs existed in significant numbers in the national economy that Claimant could have performed. (Tr. 23). Thus, the ALJ decided that Claimant was not disabled within the meaning of the Act from January 1, 2017, through February 22, 2021. (Tr. 23–24). On July 19, 2021, the Appeals Council denied Claimant's request for review, making the ALJ's February 2021 decision the Commissioner's final decision. (Tr. 1). Claimant has exhausted all administrative remedies and now appeals to this Court pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The district court does not review a final decision of the Commissioner *de novo*. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). The court must uphold the decision of the

Commissioner, even in instances where the reviewing court would have come to a different conclusion, so long as the Commissioner's decision is supported by substantial evidence. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

The Fourth Circuit has defined "substantial evidence" as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Richardson, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.")

"In order to establish entitlement to benefits, a claimant must provide evidence of a medically determinable impairment that precludes returning to past relevant work and adjustment to other work." Flesher v. Berryhill, 697 F. App'x 212, (4th Cir. 2017) (per curiam) (citing 20 C.F.R. §§ 404.1508, 404.1520(g)). In evaluating a disability claim, the Commissioner uses a five-step process. 20 C.F.R. § 404.1520(a)(4). Pursuant to this process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. 20 C.F.R. § 404.1520(a); see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing Mascio, 780 F.3d at 634); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.3d 176, 179–80 (4th Cir. 2016).

4

"If the claimant fails to demonstrate she has a disability that meets or medically equals a listed impairment at step three, the ALJ must assess the claimant's residual functional capacity ("RFC") before proceeding to step four, which is 'the most [the claimant] can still do despite [her physical and mental] limitations [that affect h[er] ability to work].'" Lewis, 858 F.3d at 861–62 (quoting 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)). In Lewis, the Fourth Circuit explained the considerations applied before moving to step four:

> [The RFC] determination requires the ALJ to "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." Mascio, 780 F.3d at 636 (internal quotations omitted); see also SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). Once the function-by-function analysis is complete, an ALJ may define the claimant's RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184, at *1. See generally 20 C.F.R. §§ 404.1567, 416.967 (defining "sedentary, light, medium, heavy, and very heavy" exertional requirements of work).
>
> When assessing the claimant's RFC, the ALJ must examine "all of [the claimant's] medically determinable impairments of which [the ALJ is] aware," 20 C.F.R. §§ 404.1525(a)(2), 416.925(a)(2), "including those not labeled severe at step two." Mascio, 780 F.3d at 635. In addition, he must "consider all [the claimant's] symptoms, including pain, and the extent to which [her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence," 20 C.F.R. §§ 404.1529(a), 416.929(a). "When the medical signs or laboratory findings show that [the claimant has] a medically determinable impairment(s) that could reasonably be expected to produce [her] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [her] symptoms limit [her] capacity for work." 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).

Lewis, 858 F.3d at 862.

Proceeding to step four, the burden remains with the claimant to show he or she is unable to perform past work. Mascio, 780 F.3d at 635. If the claimant meets his burden as to past work, the ALJ proceeds to step five.

> "At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional

5

capacity, age, education, and work experience." [Mascio, 780 F.3d at 635 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429)]. "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations."

Monroe, 826 F.3d 176, 180 (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429). If the Commissioner meets this burden in step five, the claimant is deemed not disabled and the benefits application is denied. Id.

### III. ANALYSIS

Claimant identifies two "issue[s] presented" in this appeal: 1) the ALJ failed to follow the instructions of the Administrative Appeals Judges to provide mental limitations that corresponded to the moderate limitation in concentration, persistence or pace; and 2) the ALJ failed to consider his prior finding that Claimant suffered from a moderate restriction in interacting with others. (Doc. No. 11, p. 6). Claimant's *entire* argument to this Court on these issues states:

> Under the standard set out in Monroe v. Colvin, 826 F.3d. 176 (4th Cir. 2016) and Woods v. Berryhill, 888 F.3d. 686 (4th Cir. 2018), the Administrative Law Judge is required to build an accurate and logical bridge between the evidence in the case and the Administrative Law Judge's conclusion that the Plaintiff's limitations, established in his testimony and the medical evidence in the case file, are not supported.
>
> Particularly under the circumstances of this case, where the Administrative Appeals Judges clearly set out the defects in the reasoning of this Administrative Law Judge in his first, adverse opinion, it is clear that ALJ Schwartzberg in the second adverse opinion failed to follow the directions set out by the reviewing appellate administrative body.
>
> We want to economize on the Court's time spent in evaluating this case, and thus wish to state to the Court that the defect in analysis was clearly identified by the Administrative Appeals Judges after the first adverse decision, and the second adverse decision failed to correct those defects. Attorney Holly Fairbairn, who represented the Plaintiff below in both hearings, called the attention of the Appeals Council to the defects in the second opinion in her letter brief [T. p. 549].

(Doc. No. 11, pp. 6-7).

Upon review, the Court finds Claimant's vague arguments are wholly insufficient to identify specific error in the ALJ's decision, particularly where he carries a duty to fully develop his arguments on appeal to this Court. See Shinseki v. Sanders, 556 U.S. 396, 409 (2009) (recognizing that lower courts "have correlated review of ordinary administrative proceedings to appellate review of civil cases . . . . Consequently, the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." (collecting cases)); see also Garner v. Astrue, 436 F. App'x 224, 226 (4th Cir. 2011) (citing Shineski). And, contrary to Claimant's attempt to "economize on the Court's time spent in evaluating this case," failure to fully support and develop an assignment of error *wastes* judicial resources and undeveloped arguments will be disregarded. See Lemmonds v. Berryhill, No 3:16-CV-120-RLV-DCK, 2017 WL 9516603, at *5 (W.D.N.C. Feb. 21, 2017) (rejecting argument that ALJ erred in RFC assessment after recognizing "Plaintiff's lack of citation to the record, and failure to specifically identify how the ALJ's decision on RFC was allegedly deficient;" and noting "Plaintiff clearly disagrees with the ALJ's decision, but fails to offer any persuasive argument or authority that the ALJ did not follow the proper legal standards and/or did not rely on substantial evidence in reaching his determination."), aff'd 2017 WL 2864850 (July 5, 2017); Chandler v. Astrue, No. 1:11-CV-229, 2012 WL 5336216, at *3 (W.D.N.C. Oct. 2, 2012) (disregarding two alleged errors because Claimant failed to comply with the requirement that social security appeal briefs "'separately set forth each alleged error and contain legal authority supporting each'" alleged error (quoting Pascoe v. Astrue, No. 1:11-CV-226, 2012 WL 3528054, at *3 n.2 (W.D.N.C. Jul. 23, 2012)), aff'd 2012 WL 530599 (W.D.N.C. Oct. 26, 2012); Jackson v. Colvin, No. 1:13-CV-00027, 2014 WL 4436034, at *4-5 (W.D.N.C. Sept. 9, 2014) (admonishing counsel that "'briefs with little to no legal authority or legal analysis . . . disrupt the Court's docket, do a disservice to counsel's

client, and waste the resources of the Court'" (quoting Stines v. Colvin, No. 1:12-CV-00121, 2013 WL 4442032 at *5 (W.D.N.C. Aug. 16, 2013)); Willis v. Colvin, No. 2-12-CV-00011, 2014 WL 1400967, at *5 (W.D.N.C. Apr. 10, 2014) (disregarding assignments of error made by counsel that were unsupported by citations to relevant legal authority). Additionally, Claimant's mere citation to two cases, without any argument to support their applicability, fails to persuade this Court why remand is appropriate in this case. For these reasons, the Court finds Claimant's undeveloped arguments without merit.

Such a conclusion is further warranted by examining the basis for the argument presented here. Indeed, Claimant's argument to this Court *concedes* he raised this exact argument to the Appeals Council—that the ALJ did not comply with the Appeals Council's directions on remand— and the Appeals Council disagreed as evidenced by its denial of review. Had the Appeals Council agreed that the second adverse decision failed to correct the defects it identified in the first adverse decision, it could have remanded yet again to correct such deficiencies. It did not.

Finally, this Court has reviewed the ALJ's decision and its thorough discussion of Claimant's impairments and limitations, including the analysis of and citation to Claimant's testimony and medical records. The Court has also reviewed the Commissioner's well-reasoned arguments to this Court—supported by citation to the record and applicable law—as to why the ALJ's decision is supported by substantial evidence. Notably, Claimant did not file a response brief to the Commissioner's motion for summary judgment, and the time for doing so has long expired. In light of the record before the Court, Claimant has failed to show error in the ALJ's decision, failed to show how the ALJ's findings are not supported by substantial evidence, and failed to show how summary judgment in his favor is appropriate.

## IV. CONCLUSION

IT IS THEREFORE ORDERED for the reasons above, Claimant's Motion for Summary Judgment, (Doc. No. 10), is DENIED; the Commissioner's Motion for Summary Judgment, (Doc. No. 13), is GRANTED; and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

Signed: September 22, 2022

Frank D. Whitney
United States District Judge